UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY ALLEN,

        Plaintiff,

   v.

B. MAYR,

        Defendants.

No. 2:13-cv-1047-KJM-EFB P

ORDER

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On January 27, 2014, defendant Mayr, the sole defendant in this action, filed a motion to dismiss (1) for failure to exhaust administrative remedies, (2) as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997), and (3) as barred by the statute of limitations. *See* Fed. R. Civ. P. 12(b), 12(b)(6). Defendant's motion included notice to plaintiff required by *Wyatt* and informed plaintiff of the requirements for opposing such a motion.[1] The time for acting has passed, and plaintiff has not filed an opposition or otherwise responded to the motion.

     In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 230(*l*). "Opposition, if

---

[1] *See* Fed. R. Civ. P. 12(b); *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

1

1   any, to the granting of the motion shall be served and filed by the responding party not more than
2   twenty-one (21), days after the date of service of the motion." *Id*.  A responding party's failure
3   "to file an opposition or to file a statement of no opposition may be deemed a waiver of any
4   opposition to the granting of the motion and may result in the imposition of sanctions." *Id*.

5   Furthermore, a party's failure to comply with any order or with the Local Rules "may be
6   grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or
7   within the inherent power of the Court." Local Rule 110.  The court may recommend that an
8   action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the
9   Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not
10  abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an
11  amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d
12  1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule
13  regarding notice of change of address affirmed).

14  Accordingly, it is hereby ORDERED that, within 21 days of the date of this order,
15  plaintiff shall file either an opposition to the motion to dismiss or a statement of no opposition.
16  Failure to comply with this order may result in this action being dismissed without prejudice.
17  Dated:  February 25, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2